HERMAN JUNGCLAUS, PLAINTIFF IN ERROR, v. STATE OF NEBRASKA, DEFENDANT IN ERROR.

104 N. W. 2d 327

Filed July 8, 1960. No. 34755.

*O'Sullivan & O'Sullivan* and *Donald S. Bergquist, Jr.,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Gerald S. Vitamvas,* for defendant in error.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

The defendant was charged with second degree arson. Upon a trial of the case in the district court for Hall County the jury returned a verdict of guilty. The defendant has brought the case to this court for review.

The defendant first contends that the information is insufficient to charge a crime. The pertinent part of the information states: "that Herman Jungclaus, late of the County aforesaid, did, on or about the 9th day of May, A.D., 1959, in the County of Hall and the State of Nebraska aforesaid, then and there being did then and there unlawfully, wilfully, and maliciously set fire to and burn, or cause to be burned, a certain building situated in Doniphan, Nebraska, the property of Ivan Yates and Grace Ann Yates, in which there is a contractual interest running to Howard Jones, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State of Nebraska." The information was drawn under the provisions of section 28-504.02, R. R. S. 1943, which provides: "Any person who willfully and maliciously sets fire to or burns or causes to be burned, or who aids, counsels or procures the burning of any building or structure of whatsoever class or character, whether the property of himself or of another, not included or described in section 28-504.01, shall be deemed guilty of arson in the second degree, * * *." No contention is made that the crime charged falls within the stated exception.

It is the rule in this state that due process of law requires only that the accused be given sufficient notice of the nature of the charge against him in order that he may prepare a defense and plead the judgment as

a bar to any subsequent prosecution for the same offense. Cowan v. State, 140 Neb. 837, 2 N. W. 2d 111; Dutiel v. State, 135 Neb. 811, 284 N. W. 321. When a statute states the elements of a crime it is generally sufficient, in an information or indictment, to describe such crime in the language of the statute. Sedlacek v. State, 147 Neb. 834, 25 N. W. 2d 533, 169 A. L. R. 868. The information or indictment must, however, inform the accused with reasonable certainty of the charge being made against him in order that he may prepare his defense thereto and be sufficient to permit him to plead the judgment rendered thereon as a bar to a later prosecution for the same offense. If a charging of the offense in the language of the statute does not supply such information, the information or indictment will be insufficient, unless the preciseness of the charge is supplied by additional averments. State v. Coomes, ante p. 298, 102 N. W. 2d 454. The information in the present case states the time and place of the unlawful act, the nature of the act charged, that it was unlawfully, willfully, and maliciously committed, and the ownership and location of the building burned. It adequately informs the defendant of the precise charge against him and is sufficient to bar a second prosecution for the same offense. The trial court properly overruled the motion to quash the information and the demurrer subsequently filed thereto.

The defendant sought a bill of particulars for the purpose of apprising the defendant of the charge against him. The information adequately informed the defendant of the crime with which he was charged, and met all the requirements of due process. Under such circumstances it is not error for the trial court to deny the request of defendant for a bill of particulars. The plea in abatement, based on the failure of the court to require a bill of particulars, was properly overruled.

Defendant complains of the overruling of his motion for a change of venue. It is the contention of the de-

fendant that a fair and impartial trial could not be had in Hall County because of the bias, prejudice, and hostility of the citizens of the county inspired by the publicity given the case by newspaper, radio, and television accounts. The motion was supported by newspaper clippings, affidavits, and a large number of unsworn statements. An examination of the newspaper clippings reveals that they indicate no hostility or animosity toward the defendant. The purported facts were not discussed. They amount to nothing more than the conventional reporting of the progress of the case in the courts. The affidavits are to the effect that discussions and conversations with many persons indicate that defendant could not have a fair and impartial trial in Hall County because of bias, prejudice, and hostility created by newspaper, radio, and television reporting. We take notice of the fact that Hall County has a population in excess of 30,000 people. In any case of this character the pendency of the case and its progress through the courts constitutes news about which the public is bound to obtain some general knowledge. The crime charged is not one that by its nature creates a measure of hostility and animosity in the public mind. It seems unreasonable to believe that, in so populous a county, a fair and impartial jury could not be obtained.

The situation is analogous to that recited in Carlsen v. State, 127 Neb. 11, 254 N. W. 744, which supports the denial of the change of venue in the present case. In that case we said: "A motion for a change of venue is directed to the discretion of the trial judge, and unless an abuse thereof is disclosed by the record his ruling will not be reversed in the supreme court." See, also, Medley v. State, 156 Neb. 25, 54 N. W. 2d 233; Onstott v. State, 156 Neb. 55, 54 N. W. 2d 380. We find no evidence in the record indicating an abuse of discretion on the part of the trial judge in refusing a change of venue. The motion for a change of venue was properly overruled.

The defendant complains of the failure of the trial court to give defendant's requested instruction No. 34, a cautionary instruction regarding the weight and credibility to be given to the evidence of an accomplice. The defendant was charged with unlawfully setting fire to and burning a grocery store in Doniphan, Nebraska, on May 9, 1959. The State called Hubert Evers as a witness. He was employed in the grocery store at the time it burned and was a former employee of the defendant in a store in Grand Island. His testimony was to the effect that he and defendant, pursuant to a previously conceived plan to burn the building and contents, proceeded to the store at about 1:30 a.m. on the morning of the fire. He stated in effect that he stood by as a lookout while defendant engaged himself in setting fire to the store. The witness Evers was clearly an accomplice.

A person accused of crime may be convicted upon the testimony of an accomplice or accomplices, but a jury should always act upon such testimony with great care and caution, and subject it to careful examination in the light of all the other evidence in the case. A jury should be cautioned not to convict on such testimony alone, unless, after a careful examination of such testimony, it is satisfied, beyond a reasonable doubt, of its truth, and that it can safely rely on it. Lamb v. State, 40 Neb. 312, 58 N. W. 963; Ruzicka v. State, 137 Neb. 473, 289 N. W. 852; Garcia v. State, 159 Neb. 571, 68 N. W. 2d 151. It is the rule in this state that a defendant is entitled to a cautionary instruction on the weight and credibility to be given to the testimony of an accomplice, and the failure to give such an instruction upon request is reversible error. Neiden v. State, 120 Neb. 619, 234 N. W. 563; Cornell v. State, 138 Neb. 708, 294 N. W. 851. In the instant case such an instruction was requested and refused. We hold that where a cautionary instruction on the weight and credibility of the testimony of an accomplice is re-

quested, it is reversible error for the trial court to refuse to give it.

In view of the conclusion reached, other assignments of error not herein discussed do not require the consideration of this court. For the reasons stated, the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.