STATE OF NEBRASKA, APPELLEE, v. THOMAS OGLESBY, APPELLANT.

195 N. W. 2d 754

Filed March 24, 1972. No. 38239.

T. Clement Gaughan, Richard L. Goos, and Paul M. Conley, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

The defendant, Thomas Oglesby, appeals from a conviction for breaking and entering a motor vehicle with intent to commit larceny. He challenges the sufficiency of the evidence to sustain the judgment.

The record shows that a truck owned by the A & W Distributing Company was broken into early on June 9, 1970, and 8 cases of beer were taken from the truck. The State produced evidence that the offense was committed by the defendant, Mickey Roach, and Benjamin R. Craig.

Both Roach and Craig were called as witnesses by the State. Craig refused to testify on the ground that his testimony might tend to incriminate him. On the motion of the State, the trial court ordered Craig to testify and granted him immunity from prosecution pur-

suant to section 29-2011.01, R. S. Supp., 1969.

Craig then testified that he had been at a party at Mike Nelson's house around June 9, 1970; that he, the defendant, and Roach left the party and went to the A & W Distributing Company where the defendant broke the lock on a beer truck and removed 8 cases of beer from the truck; and that they then returned to Mike Nelson's house where the beer was placed in an old automobile. Craig admitted he had testified at the preliminary hearing that he had stayed in the car while the defendant and Roach had committed the offense, which testimony was false. The defendant contends the testimony of Craig cannot be used to sustain the conviction because Craig, who was an accomplice, testified falsely at the preliminary hearing.

It is the rule in this state that a conviction may rest on the uncorroborated testimony of an accomplice. Jungclaus v. State, 170 Neb. 704, 104 N. W. 2d 327. The fact an accomplice has been guilty of willful false swearing on a material matter does not automatically discredit his testimony as a matter of law in all cases. Ordinarily, his credibility is a question for the jury under a proper cautionary instruction. Smith v. State, 169 Neb. 199, 99 N. W. 2d 8; Rains v. State, 173 Neb. 586, 114 N. W. 2d 399. A proper cautionary instruction was given in this case.

The conviction in this case does not rest entirely upon the testimony of Craig, and his testimony was corroborated in part by other witnesses called by the State. The defendant's contention that the evidence was not sufficient to sustain the conviction is without merit.

The defendant denied that he committed the offense, and there were other conflicts in the evidence. These were questions for the jury. It is not the province of this court to determine the credibility of witnesses or weigh the evidence in a criminal case.

The judgment of the district court is affirmed.

AFFIRMED.