STATE OF NEBRASKA, APPELLEE, V. DAVID L. HUFFMAN, APPELLANT.

334 N.W.2d 3

Filed May 20, 1983. No. 82-546.

Robert J. Cashoili, for appellant.

Paul L. Douglas, Attorney General, and Dale A. Comer, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

HASTINGS, J.

Upon a trial to the court, a jury having been waived, the defendant, David L. Huffman, was convicted in the District Court of the Class III felony offense of burglary and was sentenced to a term of imprisonment of from 3 to 10 years. The only assignment of error on his appeal to this court is that there was insufficient evidence to prove the defendant guilty beyond a reasonable doubt.

The rule in this state is that in determining the sufficiency of the evidence to sustain a conviction in a criminal prosecution, this court does not resolve conflicts in the evidence, pass upon the credibility of the witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the trier of the facts, and its verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. True*, 210 Neb. 701, 316 N.W.2d 623 (1982). In other words, we will not interfere with a guilty verdict based upon evidence in a criminal case unless that evidence is so lacking in probative force that it can be said that, as a matter of law, the evidence is insufficient to support a verdict of guilty beyond a reasonable doubt. *State v. Brown*, 213 Neb. 68, 327 N.W.2d 107 (1982).

The defendant argues that the appropriate rule should be that this court, on appeal, must determine whether the record evidence could reasonably sup-

port a finding of guilt beyond a reasonable doubt. He goes on to say: "The relevant question is not whether the courts believe that the evidence at the trial establishes guilt beyond a reasonable doubt, but it is whether, after viewing all the evidence in light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Brief for Appellant at 9-10. This rule was taken from *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979), a federal habeas corpus proceeding where the petitioner claimed that he had been convicted in a state court upon insufficient evidence. The Supreme Court described the appropriate constitutional standard in such a proceeding in the following language: "But this inquiry does not require a court to 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.' *Woodby v. INS*, 385 U.S., at 282 [87 S. Ct. 483, 17 L. Ed. 2d 362 (1966)] (emphasis added). Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis in original.) *Id.* at 318-19. The defendant's argument to the contrary notwithstanding, we find nothing in that rule inconsistent with or different from the one earlier cited.

An examination of the record leaves no doubt but that the Continental Grain Elevator at Brownville, Nebraska, was broken into during the late evening hours of November 8, 1980, or on the early morning of November 9, and that approximately $75 was missing. The defendant in his brief concedes the fact of the break-in. According to the testimony of William Vinsin, a confessed accomplice, he and the defendant broke into the elevator around 11 o'clock in the evening, crossed the Missouri River bridge, and entered the State of Missouri, where they threw a money pouch taken from the elevator into a

wooded area. The defendant denies any complicity in the burglary but does admit to accompanying Vinsin into the State of Missouri, where they got into some sort of an altercation and were chased back across the bridge into Nebraska.

A conviction may rest on the uncorroborated testimony of an accomplice. *State v. Oglesby*, 188 Neb. 211, 195 N.W.2d 754 (1972). The trial court chose to believe the testimony of Vinsin rather than that of the defendant, and under that view of the evidence there was a rational theory of guilt which supported the judgment of guilty beyond a reasonable doubt.

The statutory penalty provided for this offense is a term of imprisonment of not less than 1 year nor more than 20 years, or a $25,000 fine, or both such fine and imprisonment. A sentence within the statutory limits will not be set aside on appeal absent an abuse of discretion. The defendant has had 25 convictions during the past 18 years, for intoxication, driving while intoxicated, disturbing the peace, assault, resisting arrest, larceny, insufficient fund check, accessory to burglary, and various traffic offenses. The sentence in this case does not reflect any abuse of discretion on the part of the trial judge.

The judgment and sentence of the District Court are affirmed.

AFFIRMED.