STATE OF NEBRASKA, APPELLEE, V. DOUGLAS MINER, APPELLANT.

343 N.W.2d 899

Filed January 27, 1984.   No. 83-270.

Dennis R. Keefe, Lancaster County Public Defender, and Gerald L. Soucie, for appellant.

Paul L. Douglas, Attorney General, and Michaela M. White, for appellee.

Krivosha, C.J., Boslaugh, Hastings, Caporale, Shanahan, and Grant, JJ.

Hastings, J.

The defendant, Douglas Miner, was charged with manslaughter in connection with the death of Kenith Pavey. A jury was waived and, after trial to the court, the defendant was convicted and sentenced to a term of imprisonment of not less than 2½ nor more than 3 years.

On appeal to this court the defendant assigns as errors: (1) The court's failure to strike the testimony of James Pavey as an incompetent witness; (2) The court's failure to strike the opinion testimony of Dr. Kutsch as having been based on insufficient foundation; (3) Conviction of the defendant upon insufficient evidence; and (4) The excessive sentence imposed on the defendant.

On December 7, 1981, the defendant was living with Karen Pavey in a trailer home in Lincoln, Nebraska, along with 2-year-old Ronald, a child born of that relationship, as well as two other children of Karen's, 5-year-old James Pavey, and 3-year-old Kenith Pavey.

According to the testimony of James Pavey, he, Kenith, and the defendant were in the kitchen, where he saw the defendant kick Kenith in the stomach. Kenith fell to the floor and was then picked up by the defendant and placed on a couch. On cross-examination the witness, in response to a leading question by defense counsel, stated that the incident took place in the bedroom. Although defense counsel was permitted to subject the witness to foundational questioning relative to his competency as a witness, the trial court overruled the motion to strike the testimony at its conclusion.

"Every person is competent to be a witness except as otherwise provided in these rules." Neb. Rev.

Stat. § 27-601 (Reissue 1979). The question of the competency of a child witness is measured by such child's capabilities, intelligence, and understanding of the difference between truth and falsehood, and the determination of such competency rests largely in the discretion of the trial court and its determination in that regard will not be overturned absent a clear abuse of discretion. *State v. Hitt*, 207 Neb. 746, 301 N.W.2d 96 (1981).

There were other claimed inconsistencies in the testimony of James Pavey, but from our examination of the record we do not believe that the trial court abused its discretion in allowing the testimony of the witness to stand. Some of the so-called conflicting testimony was caused by the nature of the questions asked by defense counsel and the manner in which they were propounded, and, at the most, simply created questions of credibility which were resolved against the defendant. There is no merit to the first claimed error.

The testimony of Karen Pavey followed that of her son and corroborated his testimony on the important points. She said that the defendant had called both Kenith and James into the kitchen to scold them, after having been told by her that they had been in her purse. She heard Kenith laugh, which she felt made the defendant a little angry. She then "heard Doug's foot scrape the floor and I turned around and saw Doug's foot catch Kenny in the stomach." She said that Kenny's eyes were big, his mouth was wide open, and he appeared to be in pain. She then saw him lean forward a little bit, take two steps backward, gasp, and fall to the floor. According to her testimony, the defendant attempted to administer mouth-to-mouth resuscitation, but apparently without success. Kenith was taken to the hospital, and he died that same day.

Dr. David Kutsch, a physician who was board certified to practice pathology and who was engaged in practice in Lincoln, Nebraska, was called as an ex-

pert witness by the State to establish the cause of death. The qualifications of the witness to testify as an expert in this field were not questioned. He testified that based on an autopsy which he performed, an examination of certain police reports, portions of the testimony given by Karen Pavey, reports of the Bryan Hospital heart team, the depositions of two expert witnesses, Dr. Charles Petty and Dr. Martin Myers, and portions of the testimony of James Pavey that his brother was kicked in the stomach, it was his opinion, to a reasonable degree of medical certainty, that Kenith Pavey died because of a kick that was administered to the epigastrium region of the victim.

It is true that Dr. Petty, testifying for the defendant, gave as his opinion that death resulted from chickenpox pneumonia. However, this simply created a question as to the credibility of the witnesses, which was resolved against the defendant, and on appeal we will not reweigh the evidence or the credibility of the witnesses. *State v. Huffman*, 214 Neb. 429, 334 N.W.2d 3 (1983).

The opinion of an expert witness is properly admitted into evidence where the basis of the opinion and the facts on which it is based are before the jury, and the defendant has an opportunity to cross-examine such witness as to the basis of such opinion and the facts on which it is based. *Danielsen v. Richards Mfg. Co., Inc.*, 206 Neb. 676, 294 N.W.2d 858 (1980). The ruling of a trial court in receiving or excluding an expert opinion will be reversed on appeal only when a clear abuse of discretion is shown. *Herman v. Lee*, 210 Neb. 563, 316 N.W.2d 56 (1982). The defendant's second assignment of error is not supported by the record.

The defendant argues that the evidence was insufficient to establish the commission of the crime of manslaughter because there was no proof of the commission of an unlawful act. A person is guilty of manslaughter who causes the death of another unin-

tentionally while in the commission of an unlawful act. Neb. Rev. Stat. § 28-305 (Reissue 1979). It is the position of the State that the "unlawful act" committed by the defendant was third degree assault. That is defined as intentionally, knowingly, or recklessly causing bodily injury to another. Neb. Rev. Stat. § 28-310 (Reissue 1979).

The defendant responds that the act which the defendant committed was privileged under the provisions of Neb. Rev. Stat. § 28-1413 (Reissue 1979), and therefore did not constitute an unlawful act. That section provides in part that a person who is responsible for the general care and supervision of a minor may use such force as may be necessary for the purpose of safeguarding or promoting the welfare of a minor, including punishment of misconduct, if such force used is not designed to cause or known to create substantial risk of causing death or serious bodily harm.

Assuming the defendant had standing to invoke the statute, whether the act committed by the defendant was privileged, or whether it constituted an assault and was therefore unlawful, presented a question of fact which was resolved against the defendant. *State v. Duis*, 207 Neb. 851, 301 N.W.2d 587 (1981). In determining the sufficiency of evidence to sustain a criminal conviction, this court does not resolve conflicts in the evidence, pass upon the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence, and a verdict rendered thereon must be sustained if, taking the view of such evidence most favorable to the State, there is sufficient evidence to support it. *State v. Huffman, supra.*

Finally, we deal with the claimed excessiveness of the sentence. Manslaughter is a Class III felony for which the penalty may be imprisonment for not less than 1 year nor more than 20 years. Neb. Rev. Stat. § 28-105 (Reissue 1979). The sentence imposed was within the minimum limits of the permissible pun-

ishment and demonstrated no abuse of discretion on the part of the trial judge. A sentence imposed within statutory limits will not be overturned on appeal absent an abuse of discretion by the trial judge. *State v. Ellefson*, 214 Neb. 747, 336 N.W.2d 88 (1983).

The judgment and sentence of the trial court are affirmed.

AFFIRMED.