STATE OF NEBRASKA, APPELLEE, V. STEVEN R. GUY, APPELLANT.

419 N.W.2d 152

Filed February 12, 1988. No. 86-1025.

Kurt R. McBride of Hart & McBride, P.C., for appellant.

Robert M. Spire, Attorney General, and Jill Gradwohl Schroeder, for appellee.

HASTINGS, C.J., WHITE, and GRANT, JJ., and BRODKEY, J., Retired, and CORRIGAN, D.J.

GRANT, J.

This is an appeal from the district court for Dawson County. After trial to a jury, the court found the defendant guilty of sexual assault of his minor daughter, in violation of Neb. Rev. Stat. § 28-320.01 (Reissue 1985), and the defendant was sentenced to not less than 1½ nor more than 4 years' imprisonment. On appeal, the defendant assigns as error that the district court erred in finding that the defendant's daughter was a competent witness to testify at trial, in overruling the defendant's objections to testimony by Deputy Sheriff Nancy Vandenberg as to statements made by defendant's youngest daughter, and in overruling the defendant's motion to dismiss because the State "failed to establish beyond a reasonable doubt each and every essential element of the offense charged." For the reasons set out below, we affirm.

The record shows that on April 9, 1986, Deputy Sheriff Nancy Vandenberg interviewed the defendant, after giving him appropriate *Miranda* warnings, with regard to a complaint received by the police that the defendant had been handcuffing his children. On that day, the defendant stated to Deputy Vandenberg that he handcuffed his children for disciplinary purposes.

Deputy Vandenberg then interviewed defendant's daughter on four separate occasions. At trial, which was held on September 16 and 17, 1986, Deputy Vandenberg testified that on April 10, 1986, the daughter had told the deputy that the defendant, her father, had "touched" her and that she and her brothers were sometimes handcuffed for punishment. On April 24 the daughter told Deputy Vandenberg that defendant made the child feel funny inside when he felt between her legs and that she was scared that her parents would be angry with her for telling anyone. On April 26 the child told Deputy Vandenberg that the things the child and the defendant did made her feel bad and that if she told what her father had done to her, he might go to jail. On April 30 the child told Deputy Vandenberg that the defendant "makes love to me" when no one else is around, and

with anatomically illustrative dolls, the child demonstrated that after her father undressed her, he made her put her arms above her head, got on top of her, and rubbed his hand between her legs. The child also stated that her father had wanted her to touch him on his body and that her parents had told her that if she talked about that, she would be in real trouble. Additionally, Deputy Vandenberg testified that the child had told her that the last incident took place on March 28, 1986, the last holiday from school before the interview.

At trial, upon motion of the defendant, the court examined the child outside the presence of the jury in order to determine her competency to testify. At the time of trial, the child was 7 years old. During the court's questioning, the child testified that she knew the difference between right and wrong. After examination by the court, the court determined that she was competent to testify and swore her in as a witness. On direct examination, before the jury, the child testified as to details of the conduct of defendant toward her, that the defendant "made love" to her, that he had told her not to tell anyone, and that it made her sad to tell about these things.

At trial, a stipulation as to the testimony of Dr. K.A. Keifer was read to the jury and was not objected to by the defendant. Dr. Keifer had interviewed the child in her office on May 1, 1986, in Kearney, Nebraska. The stipulation was signed by the defendant, defendant's counsel, and the county attorney. The stipulation stated that if Dr. Keifer were to be called as a witness, she would testify that the child had come to her office "because dad hurt [her bottom]." Upon further questioning, the child told Dr. Keifer that her father hurt her when he "pressed between my legs with his legs" and that this happened "when everyone was on vacation except for the cats and dogs." Dr. Keifer asked the child about reporting the story, and the child said that she had told Deputy Vandenberg what had happened to her because "Nancy is a cop" and that she was afraid to tell "because her dad might go to jail."

After the investigation began, the child had been placed in a foster home. The foster mother testified, and no objection was made. She testified that on April 28, while the child was staying with her, the child told her that "her dad made her feel funny

and she was scared." When asked by the foster mother as to why she felt scared, the child stated that her father "takes my clothes off and his clothes off, except his underwear, and then he hurts me." The foster mother testified that the child told her that her father "puts his hands between my legs and it hurts," which made her "feel bad." When the foster mother asked the child what would happen if she told anyone, the child responded that "I might go to jail" and that she did not want to "hurt daddy."

The child's brother, who was 11 years old at the time of trial, gave further testimony. The brother testified that he had seen his sister on top of her father, "loving," with their clothes off, in his parents' bedroom and that his father had his hands on his sister's "private part."

In his first assignment of error, defendant contends that the district court erred in allowing defendant's daughter to testify at trial. It is settled that every person is a competent witness, except as otherwise provided. Neb. Rev. Stat. § 27-601 (Reissue 1985). The question as to the competency of a witness must be determined by the court, while the credibility and weight of the testimony are for the jury to determine. *State v. Hamilton*, 217 Neb. 734, 351 N.W.2d 63 (1984).

There is no age below which a child is presumed to be incompetent to testify. *Wells v. State*, 152 Neb. 668, 42 N.W.2d 363 (1950). The question of the competency of a child witness lies within the discretion of the trial court, and that determination will not be disturbed in the absence of an abuse of discretion. *State v. Miner*, 216 Neb. 309, 343 N.W.2d 899 (1984); *State v. Hitt*, 207 Neb. 746, 301 N.W.2d 96 (1981). In *State v. Hitt, supra*, we held that an 8-year-old boy who had a functional mental age of 3 to 5 years was a competent witness to testify. In ruling whether or not a child is a competent witness, the trial court must determine whether a child is sufficiently mature to receive correct impressions by his or her senses, whether the child can recollect and narrate intelligently, and whether the child appreciates the moral duty to tell the truth. *Wells v. State, supra*.

Defendant does not argue that his daughter did not appreciate the moral duty to tell the truth. The defendant does contend, however, that the child did not have sufficient

maturity to recollect and narrate intelligently. The record reflects that the court sometimes allowed the child to shake and nod her head in response to questioning, but the child did testify to specific acts. The child recalled and testified, in detail, as to what her father had done to her when he "made love" to her.

We find that there was no abuse of discretion on the part of the trial court in determining that the child was a competent witness and in allowing her to testify at trial. Defendant's first assignment of error is without merit.

In his second assignment of error, the defendant contends that the district court erred in overruling the defendant's objections to testimony by Deputy Vandenberg as to statements made by the child. The record shows that the deputy sheriff was examined as to her training and qualifications in investigating child abuse cases. The deputy was then asked if she had interviewed defendant's daughter on April 10, 1986, and was asked, "To the best of your recollection what did you say and what did [the child] say?" Defendant's counsel objected on the basis that what the child said was "hearsay, incompetent, irrelevant, [and] immaterial." The objection was overruled, and the witness responded that the child said that her brother took pictures of her "when she didn't have any clothes on" and that her dad and her named brothers "touch me."

Later, the witness was questioned as to her second interview of the child. Counsel again objected to the testimony as hearsay. The objection was overruled, and the witness related that the child again said her brothers and her dad felt between her legs.

Defendant's counsel made no further objection, and the deputy sheriff testified at length, as set out above, not only as to the fact that the child complained of defendant's acts, but as to the details of those acts related by the child to the deputy.

The testimony of the witness was inadmissible as adduced. The State contends the deputy sheriff's testimony was admissible because no objection was made to specific questions after defendant's counsel's objections were overruled. That contention is in error. Neb. Rev. Stat. § 25-1141 (Reissue 1985) provides:

> Where an objection has once been made to the admission of testimony and overruled by the court it shall

> be unnecessary to repeat the same objection to further testimony of the same nature by the same witness in order to save the error, if any, in the ruling of the court whereby such testimony was received.

Defendant's objections should have been sustained. The error, however, does not require reversing defendant's conviction.

The improper admission of evidence is harmless error and does not require reversal if the evidence is cumulative and there is other competent evidence to support the conviction. *State v. Daniels*, 222 Neb. 850, 388 N.W.2d 446 (1986); *State v. Thierstein*, 220 Neb. 766, 371 N.W.2d 746 (1985).

In this case there was substantial evidence apart from the testimony of Deputy Vandenberg to sustain the conviction.

Dr. Keifer testified, by stipulation not objected to by defendant, as to details of defendant's assault on his daughter. The woman in the foster home testified as to many of the same details. Defendant made no objection to the testimony of these two witnesses, and the provisions of § 25-1141 do not pertain to that testimony. The failure to object to the introduction of evidence at trial constitutes waiver of that objection on appeal. *State v. Roggenkamp*, 224 Neb. 914, 402 N.W.2d 682 (1987); *State v. Daniels*, 220 Neb. 480, 370 N.W.2d 179 (1985).

The child's brother testified, from direct observation, as to facts constituting a sexual assault on the child victim. The victim's testimony, if believed, set out facts constituting a sexual assault. The error made in admitting Deputy Vandenberg's testimony was harmless because her testimony was only cumulative of other evidence at trial. Defendant's second assignment of error is without merit.

In discussing his third assignment of error, the defendant in his brief contends that there was insufficient evidence to establish beyond a reasonable doubt that the defendant committed a sexual assault on his daughter. This court will not pass on the credibility of the witnesses, resolve conflicts in the evidence, or weigh the evidence. *State v. Donnelson*, 225 Neb. 41, 402 N.W.2d 302 (1987). The verdict of the trial court will be upheld if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. El-Tabech*, 225 Neb.

395, 405 N.W.2d 585 (1987). Viewing the evidence most favorably to the State, the jury could find the defendant guilty of sexual assault of a minor. This assignment of error is without merit.

The judgment of the district court is affirmed.

AFFIRMED.