STATE OF NEBRASKA, APPELLEE, V. EUGENE KNIPPLE, JR., APPELLANT.
422 N.W.2d 91

Filed April 15, 1988.    No. 87-630.

Christopher I. Hansen of Healey, Wieland, Kluender, Atwood & Jacobs, for appellant.

Robert M. Spire, Attorney General, and Fredrick F. Neid, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

After trial to a jury, the defendant, Eugene Knipple, Jr., was found guilty of the theft of property having a value of more than $100 but less than $300 and was fined $750 and costs. Upon appeal to the district court, the judgment was affirmed.

The defendant has appealed to this court and contends that the evidence is insufficient to support the finding of guilty and that the trial court erred in admitting an exhibit over an objection as to relevancy.

The record shows there was evidence from which the jury could find that at around 8 p.m. on January 24, 1986, an eyewitness observed the defendant loading plywood into his truck from a jobsite at 245 and 251 Judson Street in Lincoln, Nebraska, where Chadd Construction Company had two houses under construction. Plywood had been delivered to the jobsite that day for use as roof sheeting. There was evidence that from a stack of 70 sheets of plywood delivered that day, 10 to 15 sheets had been used. After the theft approximately 10 sheets were found on the ground at the jobsite where the stack had been located. There was also evidence of drag marks on the ground, suggesting that the plywood had been dragged from the stack to the curb where it had been loaded into the truck. The eyewitness noted the license number of the defendant's truck, identified him from a photographic lineup at the police station that night, and identified him at the trial.

There was evidence that the plywood had a value of $7.90 per sheet plus tax. The jury fixed the value of the property stolen at

$199.18.

As the defendant points out, there were conflicts in the evidence which presented questions for the jury that were resolved against the defendant. The Supreme Court will not resolve conflicts in the evidence, pass on the credibility of witnesses, or weigh the evidence. The verdict of the trial court will be upheld if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. Guy*, 227 Neb. 610, 419 N.W.2d 152 (1988). The evidence of the State, if believed, was sufficient to support a finding of guilty beyond a reasonable doubt.

The State offered an invoice from the Lincoln Lumber Company for 70 sheets of plywood ordered by Noel Chadd Construction on January 23, 1986, for delivery to 245 Judson on January 24. The amount of the invoice was $553.28 plus $27.66 tax. The defendant's objection on the ground of relevancy was overruled and the exhibit received in evidence. Noel Chadd had supplied foundation evidence for the exhibit and had testified that he had ordered the plywood, that it had been delivered to the jobsite, that he had received the invoice, and that it had been paid.

The defendant argues that the exhibit was not relevant because there was no conclusive evidence that the plywood stolen was the exact same plywood covered by the invoice. A trial court's ruling in admitting evidence is a matter within its sound discretion and will not be disturbed absent an abuse of discretion. *State v. Lenz*, 227 Neb. 692, 419 N.W.2d 670 (1988).

The exhibit was relevant for several reasons. It corroborated the testimony of Noel Chadd and was some evidence of the value of the plywood stolen from the jobsite. The objection was properly overruled.

The defendant testified and denied that he had committed the offense. His other evidence consisted of alibi testimony which the jury chose not to believe.

The judgment is affirmed.

AFFIRMED.