IN RE INTEREST OF M.L.S., A CHILD UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. M.L.S., APPELLANT.
452 N.W.2d 39

Filed February 23, 1990.    No. 89-710.

Robert C. Wester, Assistant Sarpy County Public Defender, for appellant.

Patrick Kelley, Sarpy County Attorney, and Mary Margaret Zerse Stevens for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.
Claiming that the victim was incompetent to testify against him, M.L.S., a 14-year-old male, appeals an adjudication that he was subject to a juvenile court's jurisdiction because he had committed a third degree sexual assault on a 4-year-old girl.

We affirm the Sarpy County Separate Juvenile Court's adjudication finding M.L.S. to be a child within Neb. Rev. Stat. § 43-247(1) (Reissue 1988), a juvenile who has committed an act other than a traffic offense which would constitute a misdemeanor, and § 43-247(3)(b), a juvenile who deports himself so as to injure or endanger seriously the morals or health of himself or others. Sexual assault in the third degree is a Class I misdemeanor when the crime is committed without serious personal injury to the victim. Neb. Rev. Stat. § 28-320(1) and (3) (Reissue 1989).

In laying the foundation to demonstrate the victim's competency to testify, the State questioned the witness in regard to her full name, age, date of birth, address and city of residence, her father's name, her knowledge of truth versus falsehood, and the consequences of telling a lie. The victim recalled both her and her father's first names, but not their last name. She recalled her age and date of birth, but she was unable to recite her address or the name of the city in which she lived. The witness testified as to the difference between truth and falsehood and the consequences of lying. The victim could not identify the accused by a nickname, but did identify him by his given name.

M.L.S. moved to dismiss the victim witness as incompetent and objected to any further testimony by her. M.L.S. asserted, "I just don't think the competency's been shown — of a four-year-old to testify and know the truth and know the difference between truth and nontruth and that she's able to affirm or swear to tell the truth . . . ." Over a continuing objection, the juvenile court permitted the 4-year-old victim to recount the sexual assault upon her by M.L.S.

Upon completion of the trial, the juvenile court concluded the State had proven beyond a reasonable doubt that M.L.S. had subjected another person to sexual contact and knew or should have known that the victim was physically or mentally incapable of resisting or appraising the nature of his conduct, in violation of § 28-320(1)(b) and (3). M.L.S. was placed in the custody of the Department of Social Services.

M.L.S. contends that the juvenile court (1) erred as a matter of law by allowing an incompetent witness to testify and (2) abused its discretion by allowing an incompetent witness to testify.

The question of competency of a child witness lies within the discretion of the trial court, and that determination will not be disturbed in the absence of an abuse of discretion. *State v. Guy*, 227 Neb. 610, 419 N.W.2d 152 (1988); *State v. Miner*, 216 Neb. 309, 343 N.W.2d 899 (1984). There is no age below which a child is presumed to be incompetent to testify. In ruling whether a child is a competent witness, the trial court must determine whether a child is sufficiently mature to receive correct

impressions by his or her senses, whether the child can recollect and narrate intelligently, and whether the child can appreciate the moral duty to tell the truth. See *State v. Guy, supra.*

M.L.S. specifically complains that the witness was incompetent to testify in that she "could not recollect and intelligently narrate even the most basic data, such as; her name; her address; the name of the city in which she lived; the name of the perpetrator; or the fact that the perpetrator was living with her family." Brief for appellant at 5.

The witness recalled her first name, as well as the first name of her father. She identified M.L.S. by his given name, and she did testify that M.L.S. lived with her family. As already noted, the witness differentiated between truth and falsehood and the consequences of lying. She promised to tell the truth. In addition, the victim had no difficulty in narrating in vivid, lucid, and substantial detail the unfortunate events involving the sexual assault on her by M.L.S. Since M.L.S. only assigns as error the victim's competency to testify, there is no need for further discussion of the lurid details of the sexual assault. We cannot say that the juvenile court abused its discretion in allowing the 4-year-old victim to testify.

AFFIRMED.

SHANAHAN, J., concurring.

This court quite properly affirms the trial court's determination that the child witness in these proceedings was competent to testify. In considering the question of witness competency, the majority of this court recites that "[t]he question of competency of a child witness lies within the discretion of the trial court, and that determination will not be disturbed in the absence of an abuse of discretion," but then comments:

> In ruling whether a child is a competent witness, the trial court must determine whether a child is sufficiently mature to receive correct impressions by his or her senses, whether the child can recollect and narrate intelligently, and whether the child can appreciate the moral duty to tell the truth.

Conspicuously absent from the majority opinion is mention of the Nebraska Evidence Rules, Neb. Rev. Stat. §§ 27-101 to

27-1103 (Reissue 1989). Since the issue in this case is an evidential question relative to a witness' competency to testify, perhaps there should be some reference to the Nebraska Evidence Rules, which govern admissibility of evidence in Nebraska courts.

Neb. Evid. R. 601 states: "Every person is competent to be a witness except as otherwise provided in these rules." Regarding testimony from a nonexpert witness, Neb. Evid. R. 602 provides:

> A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he [or she] has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the testimony of the witness himself [or herself]. This rule is subject to the provisions of [Neb. Evid. R. 703], relating to opinion testimony by expert witnesses.

Neb. Evid. R. 104(1) prescribes: "Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the judge . . . ."

Applying Rule 104(1), this court has held that a prima facie case of conspiracy is a preliminary question for a trial court's determination concerning admissibility of a coconspirator's acts. *State v. Copple*, 224 Neb. 672, 401 N.W.2d 141 (1987). Also in *Copple*, we concluded that "[w]hether a witness is qualified as an expert is a preliminary question for a trial court." 224 Neb. at 697, 401 N.W.2d at 158.

The inquiry then becomes: Under Rule 104(1), what is the nature of the preliminary question determinable by a trial court regarding admissibility of evidence? For this court, as reflected in today's decision, an appellate examination into witness competency consists of deciding whether the trial court has abused its discretion regarding requisites for admission of a child's testimony, namely, maturity in sensory perceptions, ability to recollect and recount, and appreciation for the responsibility of testifying truthfully. Given the foregoing requisites for witness competency, each of the foundational requirements for admissibility of testimony involves a factual determination. "Ay, there's the rub." What is a suitable

criterion to ascertain whether a trial court correctly determined a person's qualification to testify? The answer lies in an analysis of the judicial process involved in resolving a preliminary question about admissibility in light of Rule 104(1).

As noted in M. Graham, Handbook of Federal Evidence § 104.1 at 39 (2d ed. 1986):

> The rules of evidence are administered by the trial judge. The admissibility of evidence, the assertion of a privilege or the qualification of a witness as an expert, often depends upon the existence of a disputed factual condition. . . . Hence pursuant to [Neb. Evid. R. 104(1)] preliminary questions of fact as conditions precedent to admissibility or competency of witnesses, other than those involving relevancy conditioned on fact, [Neb. Evid. R. 104(2)], are decided solely by the court.

Also, as McCormick has observed:

> Accordingly, under the traditional view and the generally accepted principle, the trial judge decides with finality those preliminary questions of fact upon which depends the admissibility of an item of evidence that is objected to under an exclusionary rule of evidence. . . . The same practice extends to the determination of preliminary facts conditioning the application of the rules as to competency and privileges of witnesses.

McCormick on Evidence § 53 at 135-36 (E. Cleary 3d ed. 1984).

Thus, if a trial court's resolution of a preliminary question under Rule 104(1) is contradictory to or unsupported by an appropriately sufficient factual foundation, the court's disposition of the preliminary question is reached without, or in disregard of, a factual basis for admissibility and, hence, constitutes absolutely arbitrary action characterized as an "abuse of discretion."

Consequently, rather than a somewhat undefined "abuse of discretion" standard regarding a preliminary question under Rule 104(1), the correctly expressed test is the standard which this court has frequently utilized in other appellate reviews of a trial court's factual determination antecedent to admission or exclusion of evidence, such as a determination concerning constitutional admissibility of evidence obtained through a

search and seizure without a warrant or in the absence of probable cause. In those situations, we have repeatedly stated: "In determining the correctness of a trial court's ruling on a motion to suppress, the Supreme Court will uphold the trial court's findings of fact unless those findings are *clearly erroneous*." (Emphasis supplied.) *State v. Abdouch*, 230 Neb. 929, 930, 434 N.W.2d 317, 319 (1989). See, also, *State v. Juhl, ante* p. 33, 449 N.W.2d 202 (1989); *State v. Blakely*, 227 Neb. 816, 420 N.W.2d 300 (1988). If a question of constitutional admissibility may turn on a factual determination by a trial court, whose "findings of fact" are upheld on appeal unless such findings are "clearly erroneous," legal logic requires that the same standard, "clearly erroneous," apply to a preliminary question about admissibility determined pursuant to Rule 104(1). In other jurisdictions, courts, construing a rule of evidence which is substantially similar, if not identical, to Rule 104(1), have expressed that the standard of "clearly erroneous" applies in an appellate review of a trial court's factual determinations relative to a preliminary question of admissibility; for example, *U.S. v. Cardall*, 885 F.2d 656 (10th Cir. 1989) (admissibility of conspiratorial statements); *Alfonso v. Lund*, 783 F.2d 958 (10th Cir. 1986) (competency of physician to testify as an expert in a particular area of medical practice); *United States v. Wilson*, 798 F.2d 509 (1st Cir. 1986) (availability of the attorney-client privilege); *State v. Hussey*, 521 A.2d 278 (Me. 1987) (competency of a child witness to testify); *Compagnie des Bauxites de Guinee v. Ins. Co. of N.A.*, 721 F.2d 109 (3d Cir. 1983) (qualification of a witness to testify as an expert-engineer).

In the present appeal, the child was competent to be a witness. Nevertheless, this court should reexamine our "abuse of discretion" standard in relation to a trial court's determination under Rule 104(1) and, for the sake of a uniform rule, adopt and apply the cogent and more comprehensible standard of "clearly erroneous" in reference to a factual basis for evaluating propriety of a trial court's disposition of a Rule 104(1) preliminary question pertaining to admissibility of evidence. Without reference to a factual foundation as an objective basis for resolution of a preliminary question about

admissibility, this court, in examining an alleged "abuse of discretion" by the trial court, may itself indulge in an "abuse of discretion."

WHITE, J., joins in this concurrence.