IN RE INTEREST OF O.L.D. AND M.D.D., CHILDREN UNDER 18
YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. E.D., APPELLANT.
499 N.W.2d 552

Filed January 26, 1993.    Nos. A-91-1270, A-92-114.

T. Hank Robinson, of Legal Services of Southeast Nebraska, for appellant.

Gary E. Lacey, Lancaster County Attorney, and Linda S. Porter for appellee.

SIEVERS, Chief Judge, and CONNOLLY and WRIGHT, Judges.

WRIGHT, Judge.
E.D. appeals the order of the separate juvenile court of Lancaster County which found that E.D. had subjected his daughter, O.L.D., to inappropriate sexual contact and the order which removed O.L.D. and her brother, M.D.D., from E.D.'s custody. E.D. assigns as error the court's finding that O.L.D. was competent to testify and the court's consideration of allegedly inadmissible testimony by O.L.D. in reaching its decision.

## STANDARD OF REVIEW

On appeal of any final order of a juvenile court, an appellate court tries factual questions de novo on the record and is required to reach a conclusion independent of the findings of the trial court, but, when the evidence is in conflict, the appellate court considers and may give weight to the fact that the trial court observed the witnesses and accepted one version of the facts rather than another. *In re Interest of D.M.B.*, 240 Neb. 349, 481 N.W.2d 905 (1992).

## FACTS

On November 25, 1991, the separate juvenile court of Lancaster County found by a preponderance of the evidence that O.L.D. and M.D.D. were children as defined by Neb. Rev.

Stat. § 43-247(3)(a) (Reissue 1988) because of a lack of proper parental care by reason of the fault or habits of their father, E.D. The trial judge found that within the prior year, E.D. had on more than one occasion subjected O.L.D. to inappropriate sexual contact. O.L.D. testified at the hearing on adjudication that E.D. had touched her private parts with his finger. E.D. objected to the competency of O.L.D. and to her testimony.

Also on November 25, the trial judge, after observing O.L.D.'s demeanor, maturity, and intellectual capacity, described her as a competent and "very believable" witness. The court found by a preponderance of the evidence that E.D. had had inappropriate sexual contact with his daughter. At the dispositional hearing, the court ordered O.L.D. and M.D.D. removed from the custody of E.D. and placed them under the supervision of the Department of Social Services subject to specific requirements, which, if followed, could lead to E.D.'s reunification with the family.

## COMPETENCY OF O.L.D.

E.D. argues that 4-year-old O.L.D. was not competent to testify. Neb. Rev. Stat. § 27-601 (Reissue 1989) provides: "Every person is competent to be a witness except as otherwise provided in these rules." In *State v. Miner*, 216 Neb. 309, 343 N.W.2d 899 (1984), the court stated:

> The question of the competency of a child witness is measured by such child's capabilities, intelligence, and understanding of the difference between truth and falsehood, and the determination of such competency rests largely in the discretion of the trial court and its determination in that regard will not be overturned absent a clear abuse of discretion.

*Id.* at 311, 343 N.W.2d at 901.

*Miner* held that the trial court did not abuse its discretion in allowing a 5-year-old to testify against his mother's boyfriend. As early as *Wells v. State*, 152 Neb. 668, 42 N.W.2d 363 (1950), the court stated there is no age below which a child is presumed to be incompetent to testify.

In *In re Interest of M.L.S.*, 234 Neb. 570, 452 N.W.2d 39 (1990), the court held that a 4-year-old girl who was the victim

of a sexual assault was competent to testify. "[T]he trial court must determine whether a child is sufficiently mature to receive correct impressions by his or her senses, whether the child can recollect and narrate intelligently, and whether the child can appreciate the moral duty to tell the truth." *Id.* at 571-72, 452 N.W.2d at 40. There, the victim was able to testify as to her name, identify the defendant, differentiate between truth and falsehood, and state the consequences of lying. She promised to tell the truth and was able to explain the details of the sexual assault. Based upon these facts, the Supreme Court affirmed the trial court's finding of competency.

As pointed out by the State, in other jurisdictions witnesses of O.L.D.'s age have been found competent to testify. In *State v. Dodson*, 452 N.W.2d 610 (Iowa App. 1989), the court found no abuse of discretion in allowing a 5-year-old victim of sexual assault to testify. In *State v. Brotherton*, 384 N.W.2d 375 (Iowa 1986), a 4-year-old was held competent to testify when she remembered specific events from the night she was sexually assaulted, despite other inconsistencies in her testimony. In *State v. Brovold*, 477 N.W.2d 775 (Minn. App. 1991), the 3-year-old victim of sexual abuse was found competent to testify.

In this case, O.L.D. demonstrated that she knew the difference between the truth and a lie:

> Q. [O.L.D.], if I told you that my dress that I'm wearing today is red, would I be telling you the truth or a lie?
>
> A. Lie.
>
> Q. Okay. Why is that a lie?
>
> A. Because it's black.
>
> Q. That's right. And if I told you that the Judge was a man, would I be telling you the truth or a lie?
>
> A. The truth.
>
> Q. Okay. Why is that the truth?
>
> A. Because he is a man.
>
> Q. Okay. If I held up this and I said this is a ball, is that the truth or a lie?
>
> A. A lie.
>
> Q. What is this?

A. A pen.

. . . .

Q. And do you promise not to tell any lies? You have to answer out loud, yes or no.

A. Yes.

. . . .

Q. Do you understand that you can be punished and get in trouble if you tell a lie?

A. (The witness nodded affirmatively.)

Q. You have to answer out loud.

A. Yes.

Q. Okay. And do you understand that it's very important only to tell the truth today?

A. Yes.

O.L.D. testified that her father had touched her private parts with his finger when her mother was in the hospital and O.L.D. was staying with her father. The touching occurred once in the living room on the couch and a second time while her mother was still in the hospital and O.L.D. was in her own room on the bed. When E.D. touched her in her private parts, it felt "[h]urtful." She was afraid to ask E.D. to stop. She marked on a drawing to indicate where her father had touched her private parts.

E.D. contends that O.L.D.'s promise to tell the truth was meaningless because O.L.D. could not identify the difference between truth and falsehood and that her promise not to tell any lies and her acknowledgment that she could be punished for lying were invalid because she did not know how she would be punished if she did lie. E.D. argues that if O.L.D. had never been punished for lying, she could not state the consequences of telling a lie. While the trial court did not rule expressly on E.D.'s objection to O.L.D.'s competency, an order finding the child competent is a part of the record.

The competency of a child is not presumed based upon the age of the child. There is no age below which a child is presumed to be incompetent to testify. *In re Interest of M.L.S.*, 234 Neb. 570, 452 N.W.2d 39 (1990). The trial court, after seeing and observing O.L.D. and hearing her testimony and her ability to recall events, described her as a "very believable" witness. In

proceedings where statutes embodying the rules of evidence apply, the admission of evidence is controlled by rule and not by judicial discretion, except where judicial discretion is a factor involved in assessing admissibility. *State v. Timmerman*, 240 Neb. 74, 480 N.W.2d 411 (1992). The admissibility of O.L.D.'s testimony was left to the discretion of the court. In reviewing the testimony, we do not find that the court abused its discretion or erred in the admission of O.L.D.'s testimony.

## PREPONDERANCE OF THE EVIDENCE

Upon review, an appellate court must determine the factual questions de novo on the record and reach a conclusion independent of the findings of the trial court. *In re Interest of D.M.B.*, 240 Neb. 349, 481 N.W.2d 905 (1992). When the evidence is in conflict, the appellate court may give weight to the fact that the trial court observed the witnesses and accepted one version of the facts rather than another. *Id.*

We note that much of the testimony was hearsay. For example, the statements made by O.L.D. to her mother, the neighbor, the sheriff's deputy, and the Child Protective Services worker were hearsay. The State did not attempt to offer such testimony under the residual exception to the hearsay rule. See Neb. Rev. Stat. § 27-803(22) (Reissue 1989).

Several legal principles control our de novo review of the proceedings in the juvenile court. Impermissible or improper evidence is not considered by an appellate court. *In re Interest of L.H. et al.*, 241 Neb. 232, 487 N.W.2d 279 (1992). However, there is a distinction between improper or impermissible evidence and inadmissible evidence. Improper or impermissible evidence is that evidence which was properly objected to at trial, but which was erroneously admitted. Improper admission of evidence by the trial court in a juvenile court proceeding does not, in and of itself, constitute reversible error; a showing of prejudice must be made. *In re Interest of D.S. and T.S.*, 236 Neb. 413, 461 N.W.2d 415 (1990); *In re Interest of L.H. et al., supra.*

Inadmissible evidence, such as hearsay, which has not been objected to may be considered by an appellate court because the party has waived the inadmissibility of the evidence by the

failure to raise a proper objection to the evidence.

> " 'If . . . the party against whom such evidence is offered consents to its introduction, or fails to object, or to insist upon a ruling on an objection to the introduction of such evidence, and otherwise fails to raise the question as to its admissibility, he is considered to have waived whatever objection he may have had thereto, and the evidence is in the record for consideration the same as other evidence.' "

*In re Interest of E.G.*, 240 Neb. 373, 380, 482 N.W.2d 17, 22 (1992). Thus, although an appellate court will not consider improper or impermissible evidence in its de novo review of a juvenile court proceeding, inadmissible evidence to which a proper objection has not been made is evidence in the record for the same consideration as other evidence.

At an adjudication hearing, the admissibility of evidence is governed by the customary rules of evidence in use in trials without a jury, Neb. Evid. R. 101 to 1103, Neb. Rev. Stat. §§ 27-101 to 27-1103 (Reissue 1989 & Cum. Supp. 1992). *In re Interest of J.L.M. et al.*, 234 Neb. 381, 451 N.W.2d 377 (1990). At the dispositional hearing, the Nebraska Evidence Rules do not apply. *Id.* The requirements of due process control a dispositional hearing and the type of evidence which may be used by the State. *In re Interest of J.L.M. et al., supra*; *In re Interest of J.S., A.C., and C.S.*, 227 Neb. 251, 417 N.W.2d 147 (1987).

Jerry VanWinkle, a counselor with Child Protective Services, testified that O.L.D. had told him that on more than one occasion her father had touched her in the vaginal area. O.L.D. gestured to demonstrate how her father had touched her. VanWinkle stated that he had experience and training to help him determine whether a child has been coached to make statements about sexual abuse. A child who is coached will often testify about such occurrences without showing the fear that would otherwise be expected. The testimony will be inconsistent and will lack details of the occurrence such as location, time, place, or other specifics. During the course of his investigation, VanWinkle found no evidence that O.L.D. had been coached, nor did he see any indication that O.L.D. had been influenced in any way to fabricate the report about

her father. Although the testimony was hearsay, there was no objection by E.D., and we will therefore consider such evidence the same as other evidence properly admitted. See *In re Interest of L.H. et al, supra*.

Having considered all proper and permissible evidence in the record, we find that the preponderance of the evidence supports the decision of the juvenile court and that the findings of the court on the adjudication should be affirmed.

## THE DISPOSITION

Our findings as to the adjudication dictate our decision on the disposition. The requirements of due process control the dispositional hearing. E.D. does not assign as error any denial of due process as to the dispositional hearing. Having determined that the juvenile court was correct in its order removing the custody of the minor children from E.D., we affirm the decision.

AFFIRMED.