STATE OF NEBRASKA, APPELLEE, V. BRADLEY S. ROENFELDT, APPELLANT.

486 N.W.2d 197

Filed July 10, 1992.   No. S-91-340.

Mark A. Johnson, of The Law Offices of Mark A. Johnson, for appellant.

Don Stenberg, Attorney General, William L. Howland, and, on brief, Mark L. Ells for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

## STATEMENT OF THE CASE

Bradley S. Roenfeldt appeals his jury conviction of one count of first degree sexual assault, a Class II felony in violation of Neb. Rev. Stat. § 28-319 (Reissue 1989), and the resulting sentence of 10 to 25 years' imprisonment. First degree sexual assault is punishable by 1 to 50 years' imprisonment.

## FACTS

B.W., a 10-year-old female, made complaint of inappropriate sexual contact to a police officer on July 31, 1990, and to her family physician on August 2. The person alleged to have committed the improper acts was the appellant, Roenfeldt. Roenfeldt was questioned by the police officer and, while admitting a number of inappropriate sexual experiences with B.W., claimed that he did not remember the claimed incidents of first degree sexual assault.

B.W. told the physician and Detective Steven Hecker of a

number of incidents of fellatio (oral stimulation of the penis), at least one of which was of recent origin. On November 3, 1990, B.W. was deposed by Roenfeldt's counsel. A number of statements were made by her relating to the approximate time of the last incident, and a number of collateral matters were not consistent with her testimony at trial or her conversation with Hecker and her physician, Dr. Richard Votta.

At trial, B.W. testified that the last assault came after she was released from the University of Nebraska Hospital about a week prior to Detective Hecker's interview. She testified that this occurred after completing her fourth grade education. At the deposition, B.W. testified that the last incident occurred in her third grade year. In the physical exam, redness of the labia and vagina were noted, indicating sexual touching but not indicating sexual penetration of the vagina or anus.

In an attempt to rehabilitate B.W.'s testimony, Hecker was asked to recite the substance of the entire conversation with B.W. Over objection, Hecker testified that B.W. told him that while she was performing fellatio on Roenfeldt he told her "not to use her teeth too much," and that "there were times that he would have his penis in my mouth" so far she would gag.

Appellant questions, but presented no evidence on, B.W.'s ability to accurately testify, because one doctor had labeled her as having borderline intellectual function and because the child had seen adult videotapes and had seen her mother and appellant engage in sexual activity. The trial court overruled appellant's motion for a court-compelled psychiatric examination of B.W.

Appellant also sought to depose a school principal regarding an incident surrounding a missing watch; however, the court held it to be a collateral issue and improper to attack a witness' credibility with specific instances of dishonesty.

Finally, appellant filed an amended motion in limine, seeking to prohibit several witnesses from testifying as to B.W.'s comments to them regarding "a particular matter." The court found that at least some of the proposed testimony was corroborative and that the statements by B.W. had been for the purpose of a medical history and, accordingly, overruled the motion in its entirety.

## ASSIGNMENTS OF ERROR

Summarily, Roenfeldt alleges that the district court erred in (1) denying appellant's motion to have the alleged victim examined by a court-appointed psychiatrist in order to determine her mental competency, in violation of his right to due process under the state and federal Constitutions; (2) determining that the alleged victim was a competent witness to testify at trial in this matter; (3) overruling appellant's hearsay objection and allowing a detective to testify on direct examination as to what the alleged victim had said to him in his interview with her; (4) allowing the alleged victim's examining doctor to testify as to what she may have told him during the examination, as not falling within the hearsay exception; (5) allowing evidence of the alleged victim's discharge summary date from the University of Nebraska Hospital as a Neb. Rev. Stat. § 27-803(3) (Reissue 1989) exception; (6) overruling appellant's hearsay objection and allowing testimony of a third party as to what the alleged victim had related to her regarding appellant's assaults on her; (7) failing to allow appellant to depose the principal of the alleged victim's grade school and failing to allow discovery of documents of an exculpatory nature regarding the alleged victim; (8) allowing an expert witness' testimony regarding exhibited symptoms of children who have been sexually abused; and (9) imposing an excessive sentence.

## DISCUSSION

In determining whether evidence is sufficient to sustain a conviction in a jury trial, the Supreme Court does not resolve conflicts in the evidence, pass on credibility of witnesses, evaluate explanations, or reweigh evidence presented to a jury, which are within the jury's province for disposition. A verdict in a criminal case must be sustained if the evidence, viewed and construed most favorably to the State, is sufficient to support the verdict. *State v. Brown*, 225 Neb. 418, 405 N.W.2d 600 (1987); *State v. Zitterkopf*, 236 Neb. 743, 463 N.W.2d 616 (1990); *State v. Reynolds*, 235 Neb. 662, 457 N.W.2d 405 (1990).

On a claim of insufficiency of evidence, the Supreme Court

will not set aside a guilty verdict in a criminal case where such verdict is supported by relevant evidence. Only where evidence lacks sufficient probative force as a matter of law may the Supreme Court set aside a guilty verdict as unsupported by the evidence beyond a reasonable doubt. *State v. Robertson*, 223 Neb. 825, 394 N.W.2d 635 (1986); *State v. Zitterkopf, supra*; *State v. Reynolds, supra*.

## FAILURE TO COMPEL VICTIM'S PSYCHIATRIC EXAMINATION

A defendant in a criminal proceeding has no general due process right to discovery. *State v. Tuttle*, 238 Neb. 827, 472 N.W.2d 712 (1991); *Weatherford v. Bursey*, 429 U.S. 545, 97 S. Ct. 837, 51 L. Ed. 2d 30 (1977); *State v. Blair*, 230 Neb. 775, 433 N.W.2d 518 (1988). Unless granted as a matter of right under the Constitution or other law, discovery is within the discretion of a trial court, whose ruling will be upheld on appeal unless the trial court has abused its discretion in the discovery ruling. See, *State v. Boppre*, 234 Neb. 922, 453 N.W.2d 406 (1990); *State v. Blair, supra*; *State v. Tuttle, supra*.

The granting of a request for a psychiatric evaluation of the victim falls within the discretionary power of the trial court. *State v. Nelson*, 235 Neb. 15, 453 N.W.2d 454 (1990). The purpose of a psychiatric examination in a case involving a sexual offense is to detect any mental or moral delusions or tendencies causing distortion of the imagination which would affect the probable credibility of the complaining witness. *Id*. If the victim in this case were of a more mature age, compelling a psychiatric examination, though still discretionary, would have been appropriate. The tender years and limitations of B.W., in conjunction with her previous examinations by medical and psychological professionals, and her courtroom testimony all were deemed sufficient by the trial judge for the jury to assess the child's credibility as a witness. We agree. The assignment is without merit.

## DETERMINATION OF VICTIM'S COMPETENCY TO TESTIFY

While no certain age has been deemed to be the age at which a child becomes competent to testify in a court of law, the court

generally takes into consideration whether she is able to receive correct impressions by the senses, to recollect accurately, and to appreciate the moral duty to tell the truth. See, *In re Interest of M.L.S.*, 234 Neb. 570, 452 N.W.2d 39 (1990); *State v. Guy*, 227 Neb. 610, 419 N.W.2d 152 (1988). The question of competency of a child witness lies within the discretion of the trial court, and that determination will not be disturbed in the absence of an abuse of discretion. *In re Interest of M.L.S., supra*; *State v. Guy, supra*; *State v. Miner*, 216 Neb. 309, 343 N.W.2d 899 (1984).

We find no abuse of discretion in the court's determination that the child was a competent witness. The record is clear that B.W. was able to receive correct sensory impressions, recollect accurately, and appreciate the moral duty to tell the truth.

While the effect of the alleged assault on her mental and emotional difficulties may have compromised her judgment of both the timing of the sequence of events and certain anatomical references, no evidence suggested that these difficulties rendered B.W. incompetent to testify to the crimes committed against her.

The assignment is without merit.

## DETECTIVE'S AND COUNSELOR'S HEARSAY TESTIMONY

Detective Hecker and counselor Monica McCarthy were permitted to testify, on direct examination, to statements B.W. had made to them during the course of interviews. Appellant contends that these comments were hearsay and went beyond the scope of B.W.'s previous testimony.

Appellant, however, on B.W.'s cross-examination, had sought to impeach B.W.'s credibility with inconsistent statements and suggestions of fabrication and improper influence. The record is clear that both Hecker and McCarthy were called to establish prior consistent statements. The fact that Hecker, in particular, had mentioned several details that B.W. had not mentioned (e.g., that during an incident of fellatio, appellant had asked B.W. not to use her teeth too much; that sometimes appellant would insert his penis into her mouth so far she would gag; and that appellant had stuck his

penis where she goes to the bathroom and that that had hurt) is of no consequence. Appellant had opened the door to this testimony to rebut his allegation of fabrication, and while new details surrounding the abusive activities were revealed, those details were consistent with, and not contradictory or collateral to, B.W.'s own testimony.

The assignment is without merit.

## PHYSICIAN TESTIMONY REGARDING B.W.'S COMMENTS DURING MEDICAL EXAMINATION

Dr. Votta, B.W.'s treating physician, testified that during a medical interview B.W. told him that her mother's boyfriend had tried to put "his thing" where she goes to the bathroom.

Appellant asserts that Dr. Votta's testimony about B.W.'s comments about the source of her condition in a medical interview should have been excluded under the hearsay rule. Contrary to appellant's contentions, the record is clear that the comments were offered by B.W. in the context of a medical examination and diagnosis, and hence were admissible under § 27-803(3). That provision, as an exception to the hearsay rule exclusions, permits admission of statements by a declarant patient for the purposes of medical diagnosis or treatment, and description of medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof, as is reasonably pertinent to diagnosis.

We find that Dr. Votta's testimony was admissible under the § 27-803(3) exception to the hearsay rule. The assignment is without merit.

## EVIDENCE OF VICTIM'S DISCHARGE SUMMARY DATE

Dr. Votta testified, over objection on hearsay grounds, to the dates of B.W.'s hospital stay from records provided to him by the University of Nebraska Hospital, where other doctors had attended to B.W.'s exacerbated cystic fibrosis condition. The significance of the dates pinpointing B.W.'s hospital stay revolved around B.W.'s statements that the sexual abuse had occurred after that hospital stay.

An objection based on the best evidence or original writing

rule would have been a proper objection. The best evidence rule is most appropriately described as the original writing rule: In proving the terms of a writing, where the terms are material, the original writing must be produced unless it is shown to be unavailable for some reason other than the serious fault of the proponent.

It is suggested in McCormick on Evidence § 233 (John W. Strong 4th ed. 1992) that courts abandon the distinction between transactions essentially written and nonwritten and allow the application of the rule to turn upon the trial judge's determination of such factors as the centrality of the writing to the litigation, the importance of bringing the precise words of the writing before the trier, and the danger of mistransmission or imposition in the absence of the original. The result is a collateral documents exemption from the basic rule which has followed as a necessary concession to the expedition of trials.

Even if he had had the document with him, Dr. Votta's testimony was hearsay, an out-of-court statement offered to prove the truth of the matter asserted and inadmissible in accordance with Neb. Rev. Stat. § 27-802 (Reissue 1989). Dr. Votta could not have provided the necessary foundation for the document, as he was not a party to the making of the hospital summary discharge record and could not attest to the accuracy of the document. He was only able to testify that the hospital normally sends such copies of the summaries of discharge records of Dr. Votta's patients' hospital stays for his records and continuing treatment of the patients.

While Dr. Votta did recommend that B.W. be admitted into the hospital for her cystic fibrosis condition, he had no personal knowledge whether or when B.W. had actually been admitted, except for the copies of summary discharge documents that the hospital forwards to treating physicians as a matter of normal operating procedure.

Although the admitted testimony, absent supporting testimony by hospital records personnel, is hearsay without a corresponding exemption, we find the error in admitting the unsupported testimony is harmless beyond a reasonable doubt for three reasons: (1) B.W.'s previously discussed courtroom testimony and July 31, 1990, statements to her friend and

subsequently to authorities indicated the recentness of the occurrence of the alleged assault; (2) Dr. Votta testified from his personal knowledge that he had examined B.W. on August 2, 1990, for possible sexual abuse and that his findings (recent manipulation) were "not inconsistent" with the allegation of sexual assault; and (3) in this context, the writing in question is not central to the litigation, and the evidence supporting B.W.'s contentions regarding the approximate timing of the alleged assault was cumulative and established by first-person testimony. The court's error in admitting Dr. Votta's hearsay testimony from the hospital discharge summary is thus harmless beyond a reasonable doubt. See, *State v. Johnson*, 236 Neb. 831, 464 N.W.2d 167 (1991); *State v. Baltimore*, 236 Neb. 736, 463 N.W.2d 808 (1990); *State v. Donaldson*, 234 Neb. 683, 452 N.W.2d 531 (1990); *State v. Cox*, 231 Neb. 495, 437 N.W.2d 134 (1989).

## COLLATERAL TESTIMONY OF SPECIFIC ACTS

Appellant next contends that he should have been allowed to depose the principal of B.W.'s grade school and should have been allowed discovery of "an exculpatory nature" regarding an incident surrounding a missing watch and B.W.'s alleged untruthfulness regarding the watch's whereabouts. The court denied the request, finding that the material sought was related to a collateral issue, a specific incident of alleged dishonesty, and improper for impeachment purposes.

The court has the discretion to order depositions in criminal cases if the information may affect the outcome of the trial. Neb. Rev. Stat. § 29-1917 (Reissue 1989). See, also, *State v. Tuttle*, 238 Neb. 827, 472 N.W.2d 712 (1991); *State v. Brown*, 214 Neb. 665, 675, 335 N.W.2d 542 (1983).

This line of discovery not only is clearly collateral to the criminal behavior at hand, but does nothing to exculpate the appellant. The request was correctly denied.

We find no abuse of discretion, and thus the assignment is without merit.

## EXPERT WITNESS

Appellant asserts that testimony of Dr. Barbara Sturgis, who testified to the symptoms, behavior, and feelings generally

exhibited by children who have been sexually abused, was irrelevant, lacked foundation, and was speculative, since she had never examined B.W.

The expert testimony, though not premised upon an examination of B.W., was relevant in assisting the trier of fact in understanding and determining the issue in B.W.'s case (whether appellant had sexually assaulted her) and therefore came within the requirements of Neb. Rev. Stat. § 27-702 (Reissue 1989). See, also, *State v. Reynolds*, 235 Neb. 662, 457 N.W.2d 405 (1990).

The reasoning for a rule allowing an expert to testify about sexual abuse in generalities, without being familiar with the alleged victim, is that "[f]ew jurors have sufficient familiarity with child sexual abuse to understand the dynamics of a sexually abusive relationship," and "the behavior exhibited by sexually abused children is often contrary to what most adults would expect." *People v. Nelson*, 203 Ill. App. 3d 1038, 1042, 561 N.E.2d 439, 442 (1990).

Dr. Sturgis did not testify to an opinion on whether B.W. had indeed been sexually abused, nor did she attest to the likelihood of B.W.'s veracity or truthfulness. The testimony was correctly admitted and the assignment is without merit.

## EXCESSIVE SENTENCE

A sentence within statutorily prescribed limits will not be disturbed on appeal absent an abuse of discretion. *State v. Nelson*, 235 Neb. 15, 453 N.W.2d 454 (1990); *State v. Von Busch*, 234 Neb. 119, 449 N.W.2d 237 (1989). Appellant's sentence of 10 to 25 years' imprisonment is well within the statutory guidelines of 1 to 50 years' imprisonment. Appellant's eighth summarized assignment, alleging the imposition of an excessive sentence, is, like the previous seven assignments, without merit. We therefore affirm the matter in its entirety.

AFFIRMED.