STATE OF NEBRASKA, APPELLEE, V.
DARRELL J. VAUGHT, APPELLANT.
672 N.W.2d 262

Filed December 16, 2003.   No. A-02-1480.

Thomas C. Riley, Douglas County Public Defender, and Timothy P. Burns for appellant.

Jon Bruning, Attorney General, and James H. Spears for appellee.

IRWIN, Chief Judge, and SIEVERS and MOORE, Judges.

IRWIN, Chief Judge.

## I. INTRODUCTION

Darrell J. Vaught appeals from his conviction and sentence for first degree sexual assault on a child. On appeal, Vaught challenges, inter alia, the district court's overruling of Vaught's motion for a psychological evaluation of the 4-year-old victim, the court's overruling of hearsay objections concerning statements made by the victim to a medical professional, the court's overruling of a motion for mistrial, and the sufficiency of the evidence to support the conviction. We find no merit to Vaught's assertions, and we affirm the conviction.

## II. BACKGROUND

The victim in this case was the 4-year-old daughter of Vaught's half sister. The events which gave rise to the present action occurred on or about August 23, 2000. On that date, the victim and her mother were staying at the residence of the victim's grandparents; Vaught also resided there. The victim's mother testified that the victim called Vaught "BJ." The victim's mother testified that she put the victim to sleep on the couch wearing a nightgown and underwear. When the victim's mother left the victim, Vaught was the only other person awake in the house, and he was watching television near the victim.

The next morning the victim's mother noticed that the victim awoke without any underwear on. Although the victim's mother acknowledged that the victim would sometimes change her underwear during the night if she wet herself, on this occasion the victim's missing underwear were never located and the couch was not at all wet. The victim begged her mother to allow her to go to her father's house. The victim then went to the residence of her father and his wife.

That evening, the victim wet herself and the victim's father's wife gave her a bath. During the bath, the victim's father's wife noticed that the victim's genital area was red and swollen. The victim's father's wife had a conversation with the victim about

what had happened, which conversation prompted the victim's father's wife to ask the victim's father who "BJ" was. The victim's mother was then called, and the victim was taken to the hospital to be examined.

Dr. Larry Lamberty testified that he was the emergency room physician who examined the victim. He testified that he saw the victim in one of the examination rooms, that he introduced himself as a doctor, and that he had no concerns that the victim was unable to understand where she was or who he was. He further testified that he explained to the victim that he was going to do an examination and that he asked her what had happened to her. Over hearsay objections, he testified that the victim said that "her Uncle DJ put his finger in her pee-pee." His examination indicated that the victim's "hymen was intact."

Dr. Cathy Hudson testified that she saw the victim a few days later for a more thorough examination, including the use of a colposcope. The colposcopic examination indicated a small puncture wound in the victim's vaginal area where "the distal-most portion of her vagina meets the hymenal tissue." She testified that the injury was consistent with digital penetration.

On September 28, 2000, Vaught was charged by information with first degree sexual assault on a child. Prior to trial, Vaught requested a psychological examination of the victim. The court overruled this request. After a bench trial, including the evidence and testimony set forth above, the court found Vaught guilty on June 24, 2002. On December 5, the court sentenced Vaught to 6 to 10 years' incarceration. This appeal followed.

### III. ASSIGNMENTS OF ERROR

Vaught has assigned five errors. First, Vaught asserts that the court erred in overruling his motion to have the victim undergo a psychological evaluation. Second, Vaught asserts that the court erred in allowing Dr. Lamberty to testify about what the victim said during the medical examination. Third, Vaught asserts that his trial counsel was ineffective for failing to object on confrontation grounds to Dr. Lamberty's testimony about what the victim said during the medical examination. Fourth, Vaught asserts that the court erred in excusing the victim from testifying and in overruling his motion for mistrial. Fifth, Vaught

asserts that the court erred in finding sufficient evidence to support his conviction.

## IV. ANALYSIS

### 1. PSYCHOLOGICAL EVALUATION

Vaught first asserts that the court erred in overruling his motion for a psychological evaluation of the 4-year-old victim in this case. We find that Vaught failed to establish a compelling reason necessitating a psychological evaluation of the victim in this case and that accordingly, the district court did not abuse its discretion in overruling Vaught's motion.

The determination of whether to grant a defendant's request for a psychiatric evaluation of the victim is a matter of discretion for the trial court and will not be overturned absent an abuse of discretion. *State v. Welch*, 241 Neb. 699, 490 N.W.2d 216 (1992); *State v. Doremus*, 2 Neb. App. 784, 514 N.W.2d 649 (1994). The trial court may order a psychiatric examination of the victim only when the record establishes compelling reasons. *Id.* The purpose of such an examination in a case involving a sex offense is to detect any mental or moral delusions or tendencies causing distortion of the imagination which would affect the probable credibility of the complaining witness. *Id.* The trial court may order a psychiatric examination of the victim when the record establishes compelling reasons, but may not do so merely to promote a fishing expedition. *State v. Welch, supra.*

In the present case, Vaught alleges that the compelling reason established by the record is the need to assess the victim's credibility. Vaught argues that the only evidence connecting him to the alleged sexual assault was the statement the victim made to Dr. Lamberty and that the record indicates the victim made a false accusation against her grandfather months after the incident at issue in this case. As such, Vaught argues that the victim's credibility was an issue which necessitated a psychological evaluation. We disagree.

First, the record does not so clearly establish that the victim made a false accusation against anyone months later, as Vaught asserts. The record indicates that an investigation ultimately led the police to be convinced that the grandfather had not assaulted the victim, but the record does not clearly indicate that the victim

made any accusation, let alone a false one. In addition to the victim's identification of Vaught as the perpetrator, we note the evidence in this case indicates that the victim went to bed wearing underwear and was awakened the next morning without them and that Vaught was the only other person in the victim's vicinity at the time of the alleged incident. As such, we conclude that the district court did not abuse its discretion in concluding that Vaught failed to establish a compelling reason to order a psychological evaluation of the 4-year-old victim. This assigned error is without merit.

## 2. Statements of Victim During Medical Examination

Vaught next challenges the use of a statement made by the victim to Dr. Lamberty during the emergency room examination. During the examination, Dr. Lamberty asked the victim what had happened to her and she responded that Vaught had put his finger into her vagina. Vaught first asserts that the statement should have been inadmissible as hearsay. Vaught also asserts that his trial counsel was ineffective for failing to object to the statement on confrontation grounds. We find no merit to either assertion.

### (a) Hearsay Objection

Vaught first asserts that the statement was inadmissible as hearsay. Although Vaught recognizes that this issue has been previously decided in Nebraska appellate cases, he invites us to adopt a rule set forth by the Eighth Circuit Court of Appeals rather than following precedent from both the Nebraska Supreme Court and this court. We decline to accept this invitation.

As noted, the statement at issue was made by the victim during the course of a medical examination by Dr. Lamberty in the emergency room. Dr. Lamberty testified that he was dressed as a doctor at the time, that he was speaking to the victim in an examination room at the hospital, that he had explained to her that he was going to do an examination, and that he had no concerns that the victim did not understand where she was or who he was. Additionally, Dr. Lamberty testified that it is important for a medical professional in the situation he was in to obtain a thorough history regarding the causation and nature of the injury. Dr. Lamberty further testified that it is important for him, in assessing the patient's condition and determining treatment, to know who the perpetrator was, both so that he does not

release a patient into the care of a perpetrator and for purposes of treating the patient's mental well-being. In this case, when Dr. Lamberty asked the victim what had happened to her, she replied that "her Uncle DJ put his finger in her pee-pee," and she indicated that she meant her vagina.

The Nebraska Supreme Court was presented with a similar statement and hearsay objection in *State v. Roenfeldt*, 241 Neb. 30, 486 N.W.2d 197 (1992). In *Roenfeldt*, the court held that "the record [was] clear that the comments were offered . . . in the context of a medical examination and diagnosis." *Id.* at 36, 486 N.W.2d at 202. The court held that the statements were admissible under Neb. Evid. R. 803(3), Neb. Rev. Stat. § 27-803(3) (Reissue 1989), because statements made by a declarant patient for the purposes of medical diagnosis or treatment are considered admissible as an exception to the hearsay rule. The declarant in *Roenfeldt* was a 10-year-old victim of sexual assault.

Similarly, in *State v. Max*, 1 Neb. App. 257, 492 N.W.2d 887 (1992), this court was presented with the issue of whether a victim's statement to an examining doctor identifying the perpetrator of a sexual assault should be considered admissible under rule 803(3). In *Max*, we followed the precedent set by the Supreme Court in *Roenfeldt* and held that the statements were admissible. The declarant in *Max* was a 3-year-old victim of sexual assault.

In both *State v. Roenfeldt, supra,* and *State v. Max, supra,* the defendant on appeal alleged that the trial court erred in admitting the statements made by the victim to the medical professional. In both cases, the defendant on appeal alleged that the statements should have been held inadmissible as hearsay. In both cases, the Nebraska appellate court disagreed, without a lengthy analysis of the purposes behind rule 803(3). It is the consideration of the purposes behind rule 803(3) that led the Eighth Circuit Court of Appeals to enunciate a slightly different rule than the one followed in *State v. Roenfeldt, supra,* and *State v. Max, supra.* See *Olesen v. Class*, 164 F.3d 1096 (8th Cir. 1999).

The issue in *Olesen v. Class, supra,* was the admissibility of a statement made by a 5-year-old sexual assault victim to an examining doctor concerning the identity of the perpetrator. The Eighth Circuit recognized the plain language of the hearsay exception for statements made for purposes of medical diagnosis or treatment.

The Eighth Circuit recognized that the rationale underlying the hearsay exception is based on the belief that persons seeking medical care are unlikely to give unreliable or false information to a medical care provider because it will be in his or her best interests to tell the truth. As such, the Eighth Circuit held that the hearsay exception should be applied "only when the prosecution is able to demonstrate that the victim's motive in making the statement was consistent with the purpose of promoting treatment." *Id.* at 1098. In other words, the Eighth Circuit required a showing that the medical provider had made it clear to the victim that the inquiry into the identity of the abuser is important to diagnosis and treatment and where the victim manifests an understanding of such importance.

Although we recognize that the reasoning of the Eighth Circuit Court of Appeals takes into consideration the rationale behind the hearsay exception which is embodied in rule 803(3) (Cum. Supp. 2002), we decline Vaught's invitation to adopt such a rule in Nebraska. At this time, the Nebraska Supreme Court has not adopted such a rule and has held on substantially similar facts that statements such as the one at issue are admissible. This court has followed the Supreme Court's holding on at least one prior occasion. At this time, we continue to follow the guidance of the Nebraska Supreme Court rather than the Eighth Circuit. This assignment of error is without merit.

### (b) Effectiveness of Counsel

Vaught further asserts that his trial counsel was ineffective for failing to object to the admissibility of the victim's statement on confrontation grounds. For the reasons already set forth, we have concluded that the statement was properly admissible under existing Nebraska case-law precedent. As such, we find Vaught's assertion that his counsel erred in not objecting on confrontation grounds to be without merit.

### 3. Motion for Mistrial

Vaught next asserts that the court erred in overruling a motion for mistrial. The motion for mistrial was made after the court excused the victim from providing testimony about the subsequent allegations that she had been sexually assaulted by her grandfather. We find this assignment of error to be without merit.

The record indicates that Vaught waived the right to call the victim as a witness in his defense of the charged allegation. The victim was called solely to provide testimony about the subsequent allegation that her grandfather had sexually assaulted her. Concerning what transpired when the victim was called, the court noted the following:

> The record will reflect that [the victim] entered the courtroom, cowering between her mother's legs. That her mother accompanied her to the witness stand and that the child covered her face and declined to participate in the proceeding. Her mother was given permission to leave, and she picked her daughter up, and they exited the courtroom.

The decision whether to grant a motion for mistrial is within the discretion of the trial court and will not be disturbed on appeal in the absence of an abuse of discretion. *State v. Shipps*, 265 Neb. 342, 656 N.W.2d 622 (2003). A mistrial is properly granted in a criminal case where an event occurs during the course of a trial which is of such a nature that its damaging effect cannot be removed by proper admonition or instruction to the jury and thus prevents a fair trial. *Id.*

In the present case, Vaught received a bench trial. The victim's refusal to cooperate and her demeanor when she appeared in the courtroom were not witnessed by any jury. The record presented to us shows that the victim was called to provide testimony only about the subsequent allegation that her grandfather had sexually assaulted her, not to provide testimony concerning the offense which was being tried. On this record, we do not find an abuse of discretion by the trial court in denying the motion for mistrial. This assignment of error is without merit.

### 4. Sufficiency of Evidence

Finally, Vaught asserts that the court erred in finding sufficient evidence to support a conviction. Vaught asserts the State failed to prove that an assault even occurred and that if an assault did occur, Vaught was the perpetrator. We find the evidence sufficient.

Regardless of whether the evidence is direct, circumstantial, or a combination thereof, and regardless of whether the issue is labeled as a failure to direct a verdict, insufficiency of the evidence, or failure to prove a prima facie case, the standard is the same: In reviewing a criminal conviction, an appellate

court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact, and a conviction will be affirmed, in the absence of prejudicial error, if the evidence admitted at trial, viewed and construed most favorably to the State, is sufficient to support the conviction. *State v. Segura*, 265 Neb. 903, 660 N.W.2d 512 (2003).

In the present case, the State presented evidence which, if believed by the trial court as the finder of fact, indicated that the victim suffered a puncture to her hymenal tissue that was consistent with digital penetration. There was testimony presented that such an injury would not reasonably be caused by the victim herself. There was also testimony presented that Vaught was the only person near the victim when the injury occurred and that the victim told a medical care provider that Vaught was the perpetrator. If believed, this evidence is more than sufficient to sustain the conviction. This assigned error is without merit.

## V. CONCLUSION

We find no merit to Vaught's assignments of error. The conviction is affirmed.

AFFIRMED.